UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| FREDERICK TODD GREENE, | |
| Petitioner, | |
| v. | Case No.: 2:12-cv-490 |
| HAROLD W. CLARKE, Director, Virginia Department of Corrections, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Before the Court is the Petitioner Frederick Todd Greene's ("Greene") Original and Amended Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 ("Petition"), ECF Nos. 1 & 8, and the Respondent's Motion to Dismiss, ECF No. 9. The Motion was referred for disposition to the undersigned U.S. Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned **DENIES** Greene's request for an evidentiary hearing to the extent he asks for one, *see* ECF No. 8 at 3-4, ¶ 8 (discussing the standard for granting an evidentiary hearing), and disposes of the Motion on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned finds Greene's claims are procedurally defaulted and time-barred and, therefore, **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and Greene's original Petition, ECF No. 1, and his amended Petition, ECF No. 8,

be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

After pleading guilty, Greene was convicted on March 11, 2009, in the Richmond City Circuit Court of robbery and aggravated malicious wounding, for which he was sentenced on May 15, 2009 to an active term of twenty years in prison.[1] Although he did not appeal his convictions, Greene did appeal his sentence to the Virginia Court of Appeals, which refused the appeal on December 9, 2009. The Virginia Supreme Court did the same on June 8, 2010.

During the pendency of Greene's direct appeal to the Virginia Court of Appeals, on July 7, 2009, he filed a state *habeas* petition with the Virginia Supreme Court, which dismissed it without prejudice as premature on July 30, 2009 ("first state *habeas*"). After exhausting his direct appeals, a second state *habeas* petition was filed in the Richmond City Circuit Court on October 12, 2010 ("second state *habeas*"). Therein, Greene raised the following ineffective assistance of counsel claims: (1) trial counsel failed to present mitigating evidence at his sentencing; (2) trial counsel failed to subpoena or call a certified psychologist to testify at his sentencing; (3) trial counsel failed to object to the prosecution's question regarding his participation in a thirty-day treatment program in 2006, from which he "mentally manipulated himself" and left after twenty-one days; and (4) trial counsel advised him that he would receive a prison sentence of less than ten years.[2] According to Greene, he also claimed trial counsel was ineffective by "allow[ing] the trail court to utilize an unauthenticated prior felony conviction at

---

[1] Green was sentenced to 20 years with 10 years suspended on the robbery charge, and to 25 years with 15 years suspended on the aggravated malicious wounding charge, with the sentences ordered to run consecutively, resulting in an active sentence of 20 years in prison.

[2] The fourth claim, according to Greene, reads a little differently: "trial counsel failed to correctly advise [me] of the presumptive sentence range prior to recommending that [I] plead guilty." ECF No. 8 at 2, ¶ 4.

sentencing," ECF No. 8 at 2, ¶ 4, and by "fail[ing] to obtain evidence from mental hospitals, drug treatment centers, and special needs schools" for use as mitigating evidence at his sentencing, ECF No. 1 at 4. The Circuit Court dismissed his state *habeas* petition on February 7, 2011, and Greene did not appeal.

Instead, on October 31, 2011, he submitted a third state *habeas* petition to the Virginia Supreme Court ("third state *habeas*"); the second such petition before that court. Therein, Greene raised the following ineffective assistance of counsel claims, stated somewhat differently from his second state *habeas* petition before the Circuit Court: (1) trial counsel failed to procure certain documents of his mental health and drug abuse for use as mitigating evidence at his sentencing; (2) trial counsel coerced him to plead guilty/failed to investigate his mental capacity to plead guilty; (3) trial counsel advised him that he would receive a prison sentence of six-to-eight years; and (4) trial counsel failed to procure and present evidence from mental health hospitals, drug treatment centers, and special schools to mitigate his sentence. The Supreme Court dismissed his petition on January 12, 2012, as time-barred under the statute of limitations. VA. CODE ANN. § 8.01-654(A)(2).

The instant Petition, Greene's first § 2254, was filed on August 9, 2012.[3] Therein, he alleges the following grounds: (1) trial counsel was ineffective for failing to procure mitigating evidence from mental health hospitals, drug treatment centers, and special schools for use at his sentencing; (2) trial counsel was ineffective for failing to subpoena or call a certified psychologist to testify at his sentencing; (3) trial counsel was ineffective for advising him that he would receive a prison sentence of less than ten years; (4) trial court improperly used two out-of-

---

[3] As the filing date, the undersigned uses the date Greene placed his Petition in the prison mailing system. ECF No. 1 at 16.

state convictions to increase his offender category under the sentencing guidelines, thereby increasing his sentence; and (5) trial counsel was ineffective for failing to investigate his mental capacity to plead guilty.[4] The Virginia Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* Notice on April 19, 2013. ECF Nos. 9-12. Greene filed a response and brief in opposition to the Motion to Dismiss on May 9, 2013. ECF No. 13. The Respondent has not filed a reply brief, and the time to do so lapsed. Therefore, the Motion is ripe for disposition.

## II. PROCEDURAL ISSUES

### A. Exhaustion

Section 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911). In Virginia, that court is the Virginia Supreme Court. "The burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

In his third state *habeas*, which was filed and ultimately denied as untimely by the Virginia Supreme Court, Greene attempted to present three grounds that are raised in the instant

---

[4] It the Motion to Dismiss, the Respondent fails to address Greene's fifth ground. ECF No. 11 at 3.

Petition: trial counsel was ineffective for (1) failing to procure/present mitigating evidence at sentencing from mental health hospitals, drug treatment centers, and special needs schools; (2) failing to investigate Petitioner's mental capacity to plead guilty; and (3) improperly advising Petitioner that he would receive a sentence of less than ten years in prison. Because these three claims were presented to the highest state court, Greene has properly exhausted his state court remedies as to these three claims. *See* 28 U.S.C. 2254(b); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509, 515-19 (1982).

### B. Procedural Default

"A distinct but related limit on the scope of federal *habeas* review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is 'regularly or consistently applied by the state court' and is independent if it does not rely on a rule of federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (quoting *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985))). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may ... not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

Here, even though Greene has properly exhausted his state remedies on the three claims

discussed above, this Court is procedurally barred from reviewing those claims because the Virginia Supreme Court "relied on an adequate and independent state-law ground for [the] decision." *Fisher*, 163 F.3d at 844. Specifically, the Virginia Supreme Court dismissed Greene's third state *habeas* petition as time-barred under the statute of limitations. Virginia Code § 8.01-654(A)(2) provides that "[a] *habeas corpus* petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." This provision offers an independent and adequate state law ground that bars federal *habeas* review. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Therefore, the Court is barred from reviewing these three claims (ground number one, three and five in the instant Petition) because they are procedurally defaulted.

Similarly, while Greene did not exhaust the remaining two claims in the instant Petition before the highest state court—trial counsel was ineffective for failing to subpoena a psychologist to testify on his behalf at sentencing (ground number two) and the trial court abused its discretion by improperly calculating the sentencing guidelines (ground number four)—the exhaustion analysis does not end there, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006) (citations omitted). Notably, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the

defaulted claim." *Id.* (citing *Baker v. Corcoran*, 22o F.3d 276, 288 (4th Cir. 2000) (quoting *Gray v. Netherland*, 518 U.S. 152, 161 (1996))).

As Greene did not present grounds two and four raised in the instant Petition to the Supreme Court of Virginia, they are unexhausted. However, both claims would now be procedurally barred under Virginia Code § 8.01-654(A)(2), which provides a one-year statute of limitations for filing a state habeas petition, and Virginia Code § 8.01-654(B)(2), which bars successive habeas petitions. Because "the procedural bar that gives rise to exhaustion is an independent and adequate state ground," both grounds two and four raised in the instant petition "must be treated as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow*, 439 F. Supp. 2d at 588 (citing *Baker*, 220 F.3d at 288). In sum, all of Greene's grounds in the instant Petition are both exhausted and procedurally barred from review by this Court.

Greene may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)). However, in his opposition to the Respondent's Motion to Dismiss, ECF No. 13, Greene does not contest that his claims are procedurally defaulted,[5] and offers no argument regarding cause and prejudice, or actual innocence. Accordingly, the undersigned would find that Greene's claims are procedurally defaulted and, thus, must be dismissed.

---

[5] In his opposition brief, the majority of Greene's argument is directed at the statute of limitations under 28 U.S.C. § 2244(d)(1), discussed in detail in section II.C. However, he intermittently refers to "procedural default" throughout his brief, *see, e.g.*, ECF No. 13 ¶ 7, but does so in the context of his statute of limitations argument, and otherwise fails to advance a cognizant argument in this regard.

7

## C. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). After the Virginia Court of Appeals denied Greene's direct appeal from the trial court's sentence, the Virginia Supreme Court ultimately refused review on June 8, 2010. Under the Rules of the United States Supreme Court, Greene then had 90 days to file a writ of *certiorari*, but failed to do so, and his sentence became final on September 6, 2010. *See* SUP. CT. R. 13.1. Therefore, as an initial matter, and without considering his subsequent state court *habeas* petitions, Greene had until September 6, 2011 to file his federal *habeas* petition with this Court.

However, on October 12, 2010, Greene filed his second state court *habeas* petition in Richmond Circuit Court, thirty-seven days after his sentence became final, which tolled the statute of limitations period. The Richmond Circuit Court denied Greene's second state *habeas* petition on February 7, 2011, which became final thirty days later on March 9, 2011, when he did not appeal the decision. *See* VA. SUP. CT. R. 5:14(a). Two hundred and thirty seven days later, on October 31, 2011, Greene filed a third state *habeas* petition with the Virginia Supreme Court. It was this petition the Virginia Supreme Court dismissed as time-barred under the Virginia Code on January 12, 2012, which became final 90 days later on April 11, 2012 after Greene did not appeal the decision to the United States Supreme Court. *See* SUP. CT. R. 13.1.

The Respondent argues that Greene's third state *habeas* petition should not toll the running of the statute of limitations because it was not "properly filed." ECF No. 11 at 4 (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Hall v. Johnson*, 332 F. Supp. 2d 904, 909 (E.D. Va. 2004)). Greene argues that the third state *habeas* petition should toll the running of the statute of limitations because even if it was ultimately dismissed by the Virginia Supreme Court, it was properly filed because the filing complied with, "among other things, the time limits on its delivery." ECF No. 13 at 2 (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Harris v. Director, Virginia Dep't of Corrections*, 282 F. App'x 239, 241 (4th Cir. 2008)). However, the Court need not reach this determination of whether the third state *habeas* was "properly filed," because even if the statute of limitations period was tolled for Greene's third state *habeas* petition, his filing in this Court is still barred by § 2244(d)(1) as outside the one-year time limit.

On October 31, 2011, when Greene filed his third state *habeas* petition with the Virginia Supreme Court, two hundred and seventy-four days had already run towards the one-year statute of limitations period under § 2244(d)(1) (thirty-seven days between the date Greene's direct appeal became final (September 6, 2010) and the filing of his second state *habeas* in Richmond Circuit Court (October 12, 2010), added to two hundred thirty-seven days between the date the Richmond Circuit Court's denial became final (March 9, 2011) and the filing of his third state *habeas* in the Virginia Supreme Court (October 31, 2011), for a total of two hundred seventy-four days). Therefore, when the Virginia Supreme Court dismissed Greene's third state *habeas* on January 12, 2012, which then became final on April 11, 2012 because he did not appeal to the U.S. Supreme Court, he only had ninety-one days, or until July 10, 2012, to file his federal *habeas* within one-year of the date of final judgment, which included time periods tolled for state

collateral-review proceedings. *See* 28 U.S.C. § 2244(d)(2). In other words, Greene's initial deadline by which to file his federal *habeas* petition of September 6, 2011 was tolled by at most a total of three hundred and nine days—the cumulative time of Greene's two state *habeas* petitions—to July 10, 2012. Regardless, Greene filed the instant Petition on August 9, 2012, which is clearly outside the statute of limitations period, even if the time from the third state *habeas* petition is excluded. Therefore, Greene's petition is barred by 28 U.S.C. § 2244(d)(1) as untimely.

Also, nothing in Greene's pleadings suggest some other date by which the undersigned may calculate the limitations period. For example, he does not suggest that he discovered "the factual predicate of the claim or claims presented" at some later date for 28 U.S.C. § 2244(d)(1)(D) to govern. Moreover, Greene does not assert a new constitutional right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" for 28 U.S.C. § 2244(d)(1)(C) to apply. Accordingly, the undersigned finds the instant Petition is time-barred by the one-year statute of limitations and should be denied and dismissed on this basis alone.

Petitioner nonetheless argues that he is entitled to equitable tolling. ECF No. 13 at 5-11. However, the Fourth Circuit has cautioned that the application of equitable tolling "be guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the Petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330) (alteration in original). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [the Petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246.

Greene does not claim that the Respondent, in any way, contributed to the delay in filing the Petition. *See Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (applying equitable tolling where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant") (citations omitted). Instead, the only justification he proffers as to why equitable tolling should apply here is that "during the time equitable tolling is sought Petitioner suffered from bipolar disorder and attention deficit hyperactive syndrome . . . . Petitioner permanently suffers from depression, anxiety, impulsivity and lack of control to make reasonable decisions and even with the administration of lithium he is 20% mentally impaired." ECF No. 13 at 6. Generally, Greene's equitable tolling claim is based entirely on his alleged mental incapacity. *See* ECF No. 13 at 6-9. This argument must fail as well.

"As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of *profound* mental incapacity," such as when the petitioner is institutionalized or adjudged mentally incompetent. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th

Cir. 1998)) (emphasis added). However, "the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely *habeas* petition." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) (unpublished). A threadbare and conclusory statement by the Petitioner that he is mentally incapacitated, however, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005). "Similarly, proof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling." *Adams v. Watson*, No. 7:10-cv-00383, 2010 WL 4065426, at *1 (W.D. Va. Oct. 14, 2010). The Court notes that, while not dispositive of the issue, Greene was quite able to file two other *habeas* petitions in state court during the time for which he seeks equitable tolling in this Court. As Greene fails to demonstrate how his alleged mental incapacity, bipolar disorder, depression, anxiety, and impulsivity are so profound that it inhibited him from timely filing this Petition, any assertion of equitable tolling must fail, and Greene's Petition remains time-barred.

## III. RECOMMENDATION

For these reasons, the undersigned finds Greene's claims are procedurally defaulted and time-barred and, therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and Greene's original Petition, ECF No. 1, and his amended Petition, ECF No. 8, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date

this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 16, 2013

**CLERK'S MAILING CERTIFICATE**

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Frederick Todd Greene, #1188150
Deep Meadow Correctional Center
3500 Woods Way
State Farm, Virginia 23160
*Pro Se* Petitioner

Ms. Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

_____
Fernando Galindo
Clerk of the Court

By: Jaime Meyers
Deputy Clerk
October 17, 2013

14